UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| LOUIS AMALFITANO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 2:15-cv-00048-WTL-WGH |
| | ) | |
| RICHARD BROWN, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

Louis Amalfitano is a state prisoner who seeks a writ of habeas corpus with respect to his conviction of various offenses in Madison County.

Having considered Amalfitano's petition, the other pleadings, and the expanded record, and being duly advised, the court finds that the petition for writ of habeas corpus should be **denied.** In addition, the court finds that a certificate of appealability should not be issued. These conclusions rest on the following facts and circumstances:

1. Amalfitano seeks a writ of habeas corpus pursuant to 2254. "[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters,* 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)).

2. Because Amalfitano's petition was filed after April 23, 1996, it is governed by provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Along with other changes, this legislation

> amended 28 U.S.C. § 2254(d) to narrow the power of federal courts to grant habeas corpus relief to state prisoners. Under that Act, the critical question on the merits of most habeas corpus petitions shifted from whether the petitioner was in custody in violation of the Constitution, laws, or treaties of the United States to a much narrower question: whether the decision of the state court keeping the petitioner in custody was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254(d).

*Avila v. Richardson*, 751 F.3d 534, 535 (7th Cir. 2014). As the Supreme Court has recently explained,

> AEDPA's standard is intentionally difficult to meet. We have explained that clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions. And an unreasonable application of those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice. To satisfy this high bar, a habeas petitioner is required to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Woods v. Donald,* 135 S. Ct. 1372, 1376 (2015)(internal quotation marks and citations omitted).

3. Amalfitano was convicted after trial by jury of: Criminal Confinement; Battery Resulting in Serious Bodily Injury; Exploitation of an Endangered Adult; Financial Exploitation of an Endangered Adult; two counts of Theft; Obtaining a Controlled Substance by Fraud; and Possession of a Controlled Substance. He received an aggregate 46 year sentence. His convictions were affirmed in *Amalfitano v. State*, 967 N.E.2d 578 (Ind.Ct.App. 2012). A subsequent action for post-conviction relief was withdrawn.

4. This action was then filed and has been at issue since July 13, 2015. Amalfitano's claims are that (i) the admission of a letter written by Stephanie Cole violated his Sixth Amendment right of confrontation, and (ii) the trial court abused its discretion in imposing sentence.

5. A federal habeas court "presume[s] that the state courts' account of the facts is accurate, unless the petitioner rebuts this presumption 'by clear and convincing evidence.' 28 U.S.C. § 2254(e)(1)." *Caffey v. Butler,* 2015 WL 5559399, *1 (7th Cir. Sept. 22, 2015). Amalfitano does not challenge the sufficiency of the evidence. It will, therefore, suffice to summarize the evidence favorable to the jury's verdicts.

    a. On May 27, 2010, Officer Freddy Tevis of the Anderson Police Department went to Amalfitano's residence to perform a welfare check on sixty-five year old A.T. Officer Tevis found A.T. locked in a small utility room. Police called for paramedics to assist A.T., who emerged from the room very disoriented and confused. She weighed only 85 pounds and was too weak to walk unassisted to the ambulance. Her right eye was swollen shut, she had bruises on her forehead, arms, and legs, and she had cuts and open sores on her arms and legs. She was hospitalized for treatment.

    b. A.T. had gone to live with Amalfitano and his family, including Amalfitano's fiancée Stephanie Cole, in the fall of 2009. Amalfitano and his family had kept A.T. locked in the utility room so they could force her to turn over her Social Security checks and prescription medication. The room had boarded windows and bare walls, and it was furnished only with a urine-soaked mattress and a water heater that made the room extremely hot. A.T. was given little food and was not allowed to leave to use the bathroom. Officer Tevis testified a bag containing urine and feces was hanging from the inside doorknob of the room. The conditions were horrific. A.T. was a vulnerable elderly individual who became increasingly vulnerable through the systematic abuse inflicted by Amalfitano and his family. Amalfitano and his brother would hit A.T. in the head and douse her with either scalding hot or cold water on a daily basis. Once a month, Amalfitano escorted A.T. to cash her Social Security check, which they then spent on himself and other family members. The abuse Amalfitano inflicted on A.T. for this extended period of time was incomprehensible.

6. Amalfitano's first claim concerns the admission of a short handwritten note from Stephanie Cole. The facts upon which this first claim is based were described by the Indiana Court of Appeals:

    On June 28, 2011, a jury trial commenced, during which the State intended to call Cole, who was imprisoned pending trial in the Madison County Jail, as a witness. During the pendency of the trial, and after the trial court had sworn the jury and ordered the separation of witnesses, Cole called Amalfitano, who had been released on bail, by phone from the jail. The two discussed plans for Cole to refuse to testify.

3

>  The State notified the trial court of Amalfitano's violation of the order for separation of witnesses, and in response the trial court revoked Amalfitano's bail. Cole was called to testify. After she refused to do so, the State extended use immunity to her and began its direct examination. Cole testified that she had written a letter to Amalfitano that police had obtained after a search of the house. In the letter, she referred to Amalfitano's abuse of A.T. The incriminating letter was admitted into evidence without objection, after which Cole refused to continue her testimony. Amalfitano briefly cross-examined Cole, who continued to refuse to offer testimony.
>  The trial court found her to be in criminal contempt of the court. Amalfitano then moved the court to strike from evidence both Cole's testimony and the letter she had written to Amalfitano, arguing that to do otherwise would deprive him of his right to confront witnesses under the Sixth Amendment to the United State Constitution. The trial court denied Amalfitano's request.

*Amalfitano,* 967 N.E.2d at *3.

7.   The Sixth Amendment affords an accused the right "to be confronted with the witnesses against him." In *Crawford v. Washington,* 541 U.S. 36, 51 (2004), the Supreme Court explained that "witnesses," under the Confrontation Clause, are those "who bear testimony," and defined "testimony" as "a solemn declaration or affirmation made for the purpose of establishing or proving some fact." "The Sixth Amendment . . . prohibits the introduction of testimonial statements by a nontestifying witness, unless the witness is 'unavailable to testify, and the defendant had had a prior opportunity for cross-examination.'" *Ohio v. Clark*, 135 S. Ct. 2173, 2179 (2015)(quoting *Crawford,* 541 U.S. at 54)). "The proper inquiry . . . [in determining whether a statement is testimonial] is whether the declarant intends to bear testimony against the accused. That intent, in turn, may be determined by querying whether a reasonable person in the declarant's position would anticipate his statement being used against the accused in investigating and prosecuting the crime." *United States v. Cromer*, 389 F.3d 662, 675 (6th Cir. 2004).

8.   Although Amalfitano argues that the Indiana Court of Appeals unreasonably determined that Cole's incriminating note was not "testimonial," this plainly is not the case. The

Indiana Court of Appeals acknowledged the *Crawford* standard and the "primary purpose" inquiry. *Amalfitano,* 967 N.E.2d at *4. After highlighting the content of Cole's letter, the Indiana Court of Appeals explained that its admission did not violate the Confrontation Clause "because the letter does not come within the framework of testimonial statements subject to exclusion. The letter clearly lacks formality, and, more crucially, its primary purpose was not to provide investigatory material to police." *Id.* There is nothing remotely "testimonial" about the creation or the content of Cole's letter to Amalfitano. The primary purpose of the letter was for Cole to express her frustration at decisions Amalfitano was making in the continued mistreatment of A.T.—to the detriment of Cole and Amalfitano's relationship. The fact that the letter was incriminating does not, standing alone, make it "testimonial." The Indiana Court of Appeals' decision on this claim was both a reasonable and a correct application of clearly established federal law. Because the decision of the Indiana Court of Appeals on this point was reasonable, "it cannot be disturbed." *Hardy v. Cross*, 132 S. Ct. 490, 495 (2011) (per curiam).

9.     Amalfitano's second claim is that the trial court committed error in finding aggravating factors at sentencing. He parrots the language of 28 U.S.C. § 2254(d)(2), but fails entirely to show error in the trial court's finding of pertinent facts concerning his offense conduct and his criminal history. More to the point, however, is that Amalfitano presented this claim to the Indiana state courts solely as a matter of state law. His contention otherwise is not supported by the appellate decision, by his appellant's brief or by his petition to transfer. In consequence, he has failed to "fairly present" his claim to the Indiana Supreme Court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless,* 459 U.S. 4, 6 (1982) (*per curiam*). A petitioner must include reference to a specific

5

federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief. *Gray v. Netherland,* 518 U.S. 152, 162-63 (1996). A claim is not fairly presented "if a judge must go outside the four corners of the document in order to understand the contention's nature and basis." *Lockheart v. Hulick*, 443 F.3d 927, 929 (7th Cir. 2006) (citing *Baldwin*, 541 U.S. 27).

10. The failure to fairly present a federal basis for the improper sentence claim is a procedural default. When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (i.e., the errors worked to the petitioner's "*actual* and substantial disadvantage)"; or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence. *Conner v. McBride,* 375 F.3d 643, 648 (7th Cir. 2004) (internal citations omitted). Amalfitano has not attempted to satisfy either of these burdens, and hence review of the merits of this habeas claim is barred.

11. Even if properly preserved, moreover, Amalfitano could not obtain relief based on this claim. The issue of sentencing within the parameters of state law is ordinarily outside the realm of federal habeas review, *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997), and this case is no exception.

12. Amalfitano's conviction and sentence withstood challenge in the Indiana courts, and thus a presumption of constitutional regularity attaches to it. *See Farmer v. Litscher,* 303 F.3d 840, 845 (7th Cir. 2002) (citing *Parke v. Raley,* 506 U.S. 20, 29-30 (1992)); *Milone v. Camp,* 22 F.3d 693, 698-99 (7th Cir. 1994) ("Federal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law").[1] As the foregoing discussion

---

[1] Obviously, this is not a presumption related to the AEDPA, but is "the 'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights." *Parke v. Raley,*

demonstrates, he received all that the Constitution requires. This court has carefully reviewed the state record in light of Amalfitano's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. The claim which was properly preserved in the Indiana state courts does not warrant relief in light of the deferential standard required by the AEDPA. *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision.")(quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Amalfitano's habeas petition is therefore **denied.**

13. Judgment consistent with this Entry shall now issue.

14. Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Amalfitano has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

IT IS SO ORDERED.

Date: 10/16/15

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

---

506 U.S. at 29 (citing *Johnson v. Zerbst*, 304 U.S. 458, 464, 468 (1938)).

Distribution:

Electronically Registered Counsel

LOUIS AMALFITANO
219838
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
CARLISLE, IN 47838